Tilzer, J.
(dissenting). The majority Opinion concerning the facts is diametrically opposed to the findings of the Trial Justice. Thus, the court is substituting its judgment for that of the trier of the facts who not only saw the same photographs examined by this appellate court, but who also saw and heard the witnesses. It was well within the province of the Trial Justice to disregard testimony of defendant’s witness, Detective Durkin, who testified that the widow had told him on the morning of the deceased’s disappearance that her husband was “ depressed ”. It was for the Trial Justice, too, to weigh the eonclusory statements of the widow and, in the absence of testimony as to the nature and duration of the deceased’s illness by the physician who allegedly treated him, to conclude that there was presented but a question of fact. No person witnessed the event; there is no direct evidence to tell us what really happened. That deceased deliberately jumped to his death is mere conjecture. The circumstances are not such that one must say that death occurred “ wholly inconsistent with a finding of accident and there is no reasonable hypothesis available except that of suicide ” (Wellisch v. John Hancock Mut. Life Ins. Co., 293 N. Y. 178,185; see, also, Shtevelan v. Metropolitan Life Ins. Co., 162 Misc. 835, affd. 254 App. Div. 729). The defendant failed to establish by a fair preponderance of the evidence that insured’s death was the result of suicide.
Accordingly, I dissent and vote to affirm.
Hecht, J. P., and Aurelio, J., concur; Tilzer, J., dissents in memorandum.
Judgment reversed, etc.